# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENDALL R. THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-0059** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Plaintiff Kendall Thompson's ("Thompson") unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act.[1] The Court has considered the motion, record, and applicable law. For the reasons discussed below, the Court will grant the motion in part, in that it will award recovery of attorney's fees to plaintiff, consistent with the United States Supreme Court's decision in *Astrue v. Ratliff*.[2]

## I. Background

### *A. Factual Background*

On January 9, 2012, Thompson filed a complaint against Defendant Social Security Administration (the "Commissioner"), alleging that the Commissioner had improperly denied his claims for disability insurance benefits and supplemental security income benefits.[3] He subsequently moved for summary judgment on April 23, 2012, and the Commissioner filed a timely response in opposition.[4] Thompson specifically requested remand of his claim to an Administrative Law Judge ("ALJ") pursuant to

---

[1] Rec. Doc. 20.

[2] 130 S.Ct. 2521 (2010). *Astrue* held that an award of attorney's fees under 28 U.S.C. § 2412(d)(1)(A) is payable to the litigant rather than payable directly to a prevailing party's attorney. *Id.* at 2524.

[3] Rec. Doc. 1.

[4] Rec. Doc. Nos. 15, 16.

1

"Sentence Four of 42 U.S.C. § 405(g)" for a new hearing to reconsider Thompson's eligibility.[5]

United States Magistrate Judge Joseph Wilkinson, Jr. issued a Report and Recommendation to this Court on August 13, 2012, recommending that the Court deny Thompson's motion for summary judgment and dismiss Thompson's claims with prejudice.[6] After Thompson filed timely objections to the Report and Recommendation, the Court reviewed Thompson's motion for summary judgment de novo and, on February 8, 2013, declined to adopt the recommendation.[7]

The Court found that the Commissioner had improperly denied Thompson's claim for benefits because the ALJ who had ruled Thompson as ineligible failed to apply the appropriate legal standards. In particular, the Court determined that the ALJ lacked substantial evidence to support her finding that Thompson's impairment did not meet the severity requirement of Listing 12.05(C).[8] The Court also determined that the ALJ failed to "provide an adequate rationale reflecting her consideration of any medical expert testimony or any particular standard applied in evaluating the deficits in adaptive functioning."[9] The Court accordingly vacated the ALJ's decision denying Thompson's claim for benefits and ordered remand of the case to the ALJ "pursuant to 42 U.S.C. § 405(g) for a new hearing, the taking of additional evidence, and more adequate consideration of the record."[10]

---

[5] *See* Rec. Doc. 15-2 at p. 11.

[6] Rec. Doc. 17 at p. 35.

[7] Rec. Doc. 19.

[8] Rec. Doc. 19 at p. 22.

[9] *Id.* at p. 23.

[10] *Id.* at p. 24.

*B. Procedural Background*

Thompson filed the pending motion for attorney's fees on April 15, 2013.[11] The Commissioner did not file a response, and the matter was submitted on May 8, 2013.

## II. Plaintiff's Arguments

Thompson invokes section 2412(d)(1)(A) of the Equal Access to Justice Act ("EAJA") and requests recovery of $5,632 in fees for his attorney's 35.20 hours of work, reflecting an hourly rate of $160.[12] Thompson avers that he satisfies the EAJA requirements to recover his attorney's fees because he prevailed in obtaining remand of his claim.[13] He further argues that the Commissioner's position in this case lacked substantial justification because the ALJ who denied Thompson's benefits did so "without any evidence to contradict [Thompson's] verbal IQ, which the agency examiner found to be an 'accurate assessment of the claimant's functioning.'"[14]

As to the propriety of the amount requested, Thompson argues that the statutory rate of $125 per hour may be increased within the Court's discretion to adjust for the cost-of-living increase since 1996, when Congress last set the statutory maximum rate.[15] Thompson further provides a yearly breakdown of the increased cost of living, as reflected by the consumer price index published by the U.S. Bureau of Labor Statistics ("BLS").[16] Thompson highlights the fact that he is requesting $160 per hour, even though his BLS tables reflect that the statutory rate of $125 set in 1996 would equate after

---

[11] Rec. Doc. 20.

[12] Rec. Doc. 20.

[13] Rec. Doc. 20-2 at p. 2.

[14] *Id.* at p. 1.

[15] *Id.* at pp. 2-4.

[16] *Id.* at pp. 3-4.

3

inflation to $189.87 in 2012, the year in which Thompson asserts that the "majority of the work in this case was performed."[17] Thompson asserts that he seeks the $160 hourly rate because it has previously been approved in the Eastern District of Louisiana.[18]

Finally, Thompson submits the following detail of his attorney's work on his case before this Court:

| Date | Task | Hours |
|---|---|---|
| March 19, 2012 | Review of the transcript and calendaring of the scheduling order | 0.40 |
| March 27, 2012 | Review of the Court's Order granting the Motion to Appear Pro Hac Vice | 0.10 |
| April 17, 2012- April 23, 2012 | Preparation of Plaintiff's Motion for Summary Judgment [and accompanying filings] | 18.40 |
| July 10, 2012 | Review of Defendant's Reply | 0.60 |
| August 13, 2012 | Review of the U.S. Magistrate Judge's Report and Recommendation | 0.90 |
| August 20, 2012- August 22, 2012 | Preparation of Objections to U.S. Magistrate Judge's Report and Recommendation | 13.70 |
| February 8, 2013 | Review and calendaring of the Court's Order and Reasons declining to adopt [the Report and Recommendation] and granting the Plaintiff's request for remand to the agency pursuant to 42 U.S.C. Section 405(g) | 0.70 |
| April 15, 2013 | Preparation of Memorandum in Support and Motion for attorney fee | 0.40 |
| **Total Hours** | | **35.20** |

---

[17] *Id.* at p. 4.

[18] *Id.* at p. 3 (citing *Thibodeaux v. Astrue*, 914 F.Supp. 2d 789, 793 (E.D. La. 2012) (Africk, J.)).

### III. Availability of Attorney's Fees

*A. Law — Availability of Attorney's Fees*

Claimants for Social Security benefits can recover attorney's fees generally in two ways. First, they may recover fees in contingency-agreement cases that are paid out of the claimant's past-due benefits. Second, claimants may recover fees pursuant to the EAJA. Thompson seeks recovery only under the EAJA.

The EAJA, as codified at 28 U.S.C. § 2412(d)(1)(A) provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

"Thus, an award of fees is mandated if (1) the claimant is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award unjust."[19] Upon finding that recovery is warranted, the district court determines the amount by considering the time expended and the attorney's hourly rate.[20] In most cases, courts have capped the hourly rate at $125.[21]

---

[19] *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001) (citation omitted).

[20] *Rice v. Astrue*, 609 F.3d 831, 835 (5th Cir. 2010) (citation omitted).

[21] *Id.*

### B. Application — Thompson's Entitlement to Recovery of Attorney's Fees

#### 1. Thompson as Prevailing Party

A claimant who obtains remand pursuant to "sentence four" of section 405(g) is a "prevailing party" for the purposes of the EAJA's fee-recovery provision.[22] Thompson sought, and the Court ordered, remand pursuant to sentence four of section 405(g).[23] Accordingly, Thompson is a "prevailing party" under the EAJA.

#### 2. Substantial Justification of Commissioner's Position

"Substantially justified" means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."[24] In other words, it means a decision that has a "reasonable basis both in law in fact."[25] To determine whether the Commissioner's position falls short of this standard, the court must examine the record developed in the civil action, "including the record with respect to the action or failure to act by the agency upon which the civil action is based."[26] The Commissioner carries the burden of establishing that his position was substantially justified.[27] The Commissioner here has failed to object to Thompson's request for fees and therefore has not argued why and how the Commissioner's decision was substantially justified. He thus has failed to meet his burden. Accordingly, the Court finds that the Commissioner's conduct in this case lacks substantial justification.

---

[22] *See Breaux v. U.S. Dep't of Health & Human Servs.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (citing *Shalala v. Schaefer*, 509 U.S. 292 (1993)).

[23] *See* Rec. Doc. Nos. 15, 19.

[24] *Sims*, 238 F.3d at 602 (citation omitted).

[25] *Id.*

[26] *Id.* (quoting 28 U.S.C. § 2412(d)(1)(B)).

[27] *Id.* (citation omitted).

### *3. Special Circumstances Rendering Award Unjust*

Again, the Commissioner has not objected to Thompson's motion, and the Court is not aware of any special circumstances in this case that suggest awarding recovery of Thompson's attorney's fees would be unjust. Accordingly, the Court finds no special circumstances that would render an award of fees unjust. Therefore, Thompson is entitled to recover attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A).

### **IV. Amount of Fees to Which Thompson is Entitled**

### *A. Law — Calculation of Fee*

A district court generally has wide discretion to determine the amount of attorneys' fees.[28] However, the EAJA limits that discretion somewhat by mandating that an award not exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."[29] If a court determines that a cost-of-living increase is warranted, the "cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered."[30] However, the resulting figure need only serve as a maximum rate; the court may award a rate below it.[31]

### *B. Application — Thompson's Fee Calculations*

### *1. Hourly Rate*

Thompson notes that at least one other section in this district has approved an EAJA request for recovery at $160 per hour, and he requests that the Court allow him to

---

[28] *Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992) (citation omitted).

[29] 28 U.S.C. § 2412(d)(2)(A).

[30] *See Perales*, 950 F.2d at 1076.

[31] *See Thibodeaux*, 914 F.Supp. 2d at 793 ("[T]he CPI adjusted range . . . contemplates the maximum rate that could be awarded today") (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988)).

7

recover the same rate. He also sets forth detailed descriptions of the time his attorney spent on the relevant tasks in pursuing and obtaining remand of Thompson's claim to the Commissioner for rehearing.

The Court finds that an adjustment above the statutory maximum hourly rate is warranted in light of the substantial increase in the cost of living between 1996, when Congress set the maximum rate at $125, and 2012, the year Thompson's attorney provided her services. Thompson's calculations accurately reflect the consumer price index data for the non-metropolitan South, which Thompson asserts "is compatible with the residence of the Plaintiff in this case." [32] The data accordingly provide that a maximum rate of $189.87 applies for services rendered in 2012. As Thompson's request for recovery at a rate of $160 per hour falls below this maximum, and because it is otherwise reasonable and appropriate to award recovery of attorney's fees as discussed above, the Court will grant Thomson's request to recover attorney's fees at the rate of $160 per hour.

### *2. Computation of Time*

As to how many hours to which that rate will apply, the Court notes that the Commissioner has not objected to Thompson's motion for recovery, and it finds that Thompson's statement detailing his attorney's tasks and the time in which she completed them are reasonable. The 35.20 hours that Thompson asserts his attorney spent on this case is not unreasonably high compared to the hours submitted for EAJA recovery in

---

[32] *See* Rec. Doc. 20-2 at p. 4 n.3.

other sections in this district.[33] Moreover, Thompson's motion for summary judgment and his objection to the Report and Recommendation, which consumed nearly all of counsel's efforts in this case, resulted in well-researched filings that were individually relevant and not duplicative. Therefore, the stated time spent of 35.20 hours is reasonable and Thompson is entitled to recover fees for the time his attorney spent successfully working on his behalf. Accordingly, applying the rate of $160 per hour to that time, Thompson is entitled to $5,632.00 in attorney's fees.

## V. Payment of Thompson's Award

Plaintiff asks the Court to order the Commissioner to remit the award to his attorney, Julie Atkins.[34] However, the United States Supreme Court held in *Astrue v. Ratliff* that because the "prevailing party" in Social Security cases is the claimant, rather than the attorney, any recovery of attorney's fees must be paid to the client rather than the lawyer.[35]

In *Ratliff*, a claimant for Social Security benefits prevailed in district court and successfully moved for an award of attorney's fees under the EAJA.[36] The United States learned that the claimant owed the government a debt that predated the district court's approval of the award, and argued that the government was entitled to offset the debt

---

[33] *See, e.g.*, *Grant v. Colvin*, No. 12-1306, 2013 WL 4508161, at *2 (E.D. La. Aug. 22, 2013) (Lemmon, J.) (awarding recovery at $160 per hour for 37.6 hours)  *Thibodeaux*, 914 F.Supp. 2d at 793 (25.25 hours at $160 rate) (Africk, J.); *Ramos v. Astrue*, No. 11-1457, 2012 WL 3637868, at *3 (E.D. La. Aug. 23, 2012) (Zainey, J.) (24 hours at $150 rate); *Dallimore v. Astrue*, No. 09-3848, 2010 WL 2218383, at *1 (E.D. La. May 28, 2010) (Barbier, J.) (adopting magistrate recommendation of 21.5 hours at $125 rate); *Sopsher v. Astrue*, No. 07-5590, 2009 WL 2366122, at *3 (E.D. La. July 28, 2009) (Zainey, J.) (31.5 hours at $125 rate).

[34] *See* Rec. Doc. 20.

[35] *See* 130 S.Ct. 2521, 2525-27 (2010).

[36] *Id.* at 2524.

owed from the attorney's fee award approved by the district court.[37] Though the district court agreed with the Commissioner, the Eighth Circuit held that no offset could be allowed because "EAJA attorney's fees are awarded to prevailing parties' attorneys."[38] Examining the relevant statutory language, the Supreme Court reversed, reasoning that "[t]he fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney."[39]

The Fifth Circuit has noted, in passing, that *Ratliff* precludes district courts from ordering the Commissioner to pay attorneys directly.[40] Accordingly, this Court must follow the Supreme Court's language in *Ratliff*, as interpreted by the Fifth Circuit, and therefore must deny Thompson's request to remit payment to his attorney.

## VI. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Thompson's Motion for Attorney's Fees Pursuant to the EAJA is **GRANTED IN PART** in that the Commissioner is ordered to

---

[37] *Id.*

[38] *Id.* at 2525.

[39] *Id.* at 2526.

[40] *See Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (citing *Ratliff*, 130 U.S. at 2524) ("Whereas § 406(b) fees are paid directly to the successful claimant's attorney, EAJA fees are paid to the claimant, who may or may not tender the award to counsel."); *Murkeldove v. Astrue*, 635 F.3d 784, 788 n.2 (5th Cir. 2011) (citing *Ratliff*, 130 S.Ct. at 2525) ("In *Ratliff*, the Court interpreted the phrase 'prevailing party' in the EAJA and whether an attorney or the attorney's client is entitled to receive fees pursuant to this provision. The Court held that an attorney's client is the recipient of an EAJA award."). Moreover, other sections in the Eastern District of Louisiana have determined that *Ratliff* requires the award of attorney's fees to go to the claimant, rather than to his attorney. *See, e.g.*, *Andrews v. Colvin*, No. 12-2055, 2013 WL 2286266, at *1 (E.D. La. May 23, 2013) (Barbier, J.) ("The Commissioner is correct" to state that "attorney's fees awarded under EAJA are payable to the litigant as opposed to her counsel."); *Thibodeaux*, 914 F.Supp. 2d at 793 (Africk, J.); *Ramos v. Astrue*, No. 11-1457, 2012 WL 3637868, at *3 (E.D. La. Aug. 23, 2012) (Zainey, J.).

pay Thompson's attorney's fees in the amount of $5,632.00 ($160 per hour at 35.20 hours);

**IT IS FURTHER ORDERED** that the motion is **DENIED IN PART** in that the Commissioner shall remit payment to Thompson, and not his attorney, Julie Atkins, as requested.

**NEW ORLEANS, LOUISIANA**, this __27th__ day of September, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**